1  Ekwan E. Rhow - State Bar No. 174604
       eer@birdmarella.com
2  Karis A. Chi - State Bar No. 225778
       kac@birdmarella.com
3  BIRD, MARELLA, BOXER, WOLPERT,
       NESSIM, DROOKS & LINCENBERG, P.C.
4  1875 Century Park East, 23rd Floor
   Los Angeles, California 90067-2561
5  Telephone: (310) 201-2100
   Facsimile: (310) 201-2110
6
   Attorneys for SK Networks Company
7  Limited

8

9                    UNITED STATES DISTRICT COURT

10       CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

11

12  SK NETWORKS COMPANY              Case No. CV 12-8997-MMM (SHx)
    LIMITED, a South Korean Corporation,
13
              Plaintiff,             **PLAINTIFF SK NETWORKS**
14                                   **COMPANY LIMITED'S**
        vs.                          **APPLICATION FOR RIGHT TO**
15                                   **ATTACH ORDER AND WRIT OF**
    BENTLEYFORBES HOLDINGS,          **ATTACHMENT**
16  LLC, a Delaware limited liability
    company; BENTLEYFORBES, LLC, a   *[Notice of Application and Proposed*
17  Delaware limited liability company; *Order filed concurrently]*
    BENTLEYFORBES ACQUISITIONS,
18  LLC, a Delaware limited liability
    company; BENTLEYFORBES AMC,      Date:   December 3, 2012
19  LLC, a Delaware limited liability Time:   2:00 p.m.
    company; BENTLEYFORBES           Crtrm.: 550
20  EQUITIES, LLC, a Delaware limited
    liability company; BENTLEYFORBES
21  GROUP, LLC, a Delaware limited
    liability company; C. FREDERICK
22  WEHBA, an individual; C.
    FREDERICK WEHBA, II, an
23  individual; and CHAD WEHBA, an
    individual,
24
              Defendants.
25

26

27

28

2905203.1

AT-105

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>_ Ekwan E. Rhow - SBN 174604 - Karis A. Chi - SBN 225778<br>Bird, Marella, et al.<br>1875 Century Park East, 23rd Floor<br>Los Angeles, CA 90067<br>TELEPHONE NO.: (310) 201-2100       FAX NO. *(Optional)*: (310) 201-2110<br>E-MAIL ADDRESS *(Optional)*: eer@birdmarella.com/kac@birdmarella.com<br>ATTORNEY FOR *(Name)*:   Plaintiff SK Networks Company Limited | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **United States District Court**
STREET ADDRESS:  255 East Temple Street, Courtroom 550
MAILING ADDRESS:
CITY AND ZIP CODE:  Los Angeles, CA  90012
BRANCH NAME:  Central District of California

PLAINTIFF:    SK Networks Company Limited, a South Korean corporation

DEFENDANT:  BentleyForbes Holdings, LLC, a Delaware limited liability company

| | |
|---|---|
| **APPLICATION FOR**<br>☒  **RIGHT TO ATTACH ORDER**    ☐    **TEMPORARY PROTECTIVE ORDER**<br>☒  **ORDER FOR ISSUANCE OF WRIT OF ATTACHMENT**<br>☐  **ORDER FOR ISSUANCE OF ADDITIONAL WRIT OF ATTACHMENT**<br>    ☐  **After Hearing**      ☐  **Ex Parte**<br>    ☐  **Against Property of Nonresident** | CASE NUMBER:<br>CV12-8997--MMM (SHx) |

1. Plaintiff *(name)*: SK Networks Company Limited, a South Korean corporation

   applies  ☒  after hearing    ☐  ex parte    for
   a. ☒  a right to attach order and writ of attachment.
   b. ☐  an additional writ of attachment.
   c. ☐  a temporary protective order.
   d. ☐  an order directing the defendant to transfer to the levying officer possession of
      (1) ☐  property in defendant's possession.
      (2) ☐  documentary evidence in defendant's possession of title to property.
      (3) ☐  documentary evidence in defendant's possession of debt owed to defendant.

2. Defendant *(name)*: BentleyForbes Holdings, LLC, a Delaware limited liability company

   a. ☐  is a natural person who
      (1) ☐  resides in California.
      (2) ☐  does not reside in California.
   b. ☒  is a corporation
      (1) ☒  qualified to do business in California.
      (2) ☐  not qualified to do business in California.
   c. ☐  is a California partnership or other unincorporated association.
   d. ☐  is a foreign partnership that
      (1) ☐  has filed a designation under Corporations Code section 15800.
      (2) ☐  has not filed a designation under Corporations Code section 15800.
   e. ☐  is other *(specify)*:

3. Attachment is sought to secure recovery on a claim upon which attachment may issue under *(check one)*:
      ☒   Code of Civil Procedure section 483.010    ☐   Welfare and Institutions Code section 15657.01.

4. Attachment is not sought for a purpose other than the recovery on a claim upon which the attachment is based.

5. Plaintiff has no information or belief that the claim is discharged or the prosecution of the action is stayed in a proceeding under title 11 of the United States Code (Bankruptcy).

Form Approved for Optional Use<br>Judicial Council of California<br>AT-105 [Rev. July 1, 2010]
**APPLICATION FOR RIGHT TO ATTACH ORDER,<br>TEMPORARY PROTECTIVE ORDER, ETC. (Attachment)**
Code of Civil Procedure, §§ 482.030, 484.010 et seq.;<br>Welfare. & Institutions. Code, § 15657.01<br>www.courtinfo.ca.gov

American LegalNet, Inc.<br>www.FormsWorkFlow.com

AT-105

| SHORT TITLE | CASE NUMBER: |
|---|---|
| SK Networks Co. Ltd. v. BentleyForbes Holdings, LLC | CV12-8997--MMM (SHxk) |

6. a. ☐ Plaintiff's claim or claims arise out of conduct by the defendant who is a natural person of a trade, business, or profession. The claim or claims are not based on the sale or lease of property, a license to use property, the furnishing of services, or the loan of money where any of the foregoing was used by the defendant primarily for personal, family, or household purposes.

   b. ☐ Plaintiff's claim or claims arise out of conduct of a natural person who or an entity that has taken, secreted, appropriated, obtained or retained, or assisted in taking, secreting, appropriating, obtaining, or retaining real or personal property of an elder or dependent adult for a wrongful use, with intent to defraud, or by using undue influence.

7. The facts showing plaintiff is entitled to a judgment on the claim up on which the attachment is based are set forth with particularity in the

   a. ☐ verified complaint.
   b. ☒ attached affidavit or declaration. of Yoo Chan Seo (and Exhibit A)
   c. ☒ following facts (specify): see attached memorandum of points and authorities

8. The amount to be secured by the attachment is: $11,653,922.60
   a. ☐ which includes estimated costs of: $
   b. ☐ which includes estimated allowable attorney fees of: $

9. Plaintiff is informed and believes that the following property sought to be attached for which a method of levy is provided is subject to attachment:
   a. ☒ Any property of a defendant who is **not** a natural person.
   b. ☐ Any property of a nonresident defendant.
   c. ☐ Property of a defendant who is a natural person that is subject to attachment under Code of Civil Procedure section 487.010 (specify):

   d. ☐ Property covered by a bulk sales notice with respect to a bulk transfer by defendant on the proceeds of the sale of such property (describe):

   e. ☐ Plaintiff's pro rata share of proceeds from an escrow in which defendant's liquor license is sold (specify license number):

10. Plaintiff is informed and believes that the property sought to be attached is not exempt from attachment.

11. ☐ The court issued a Right to Attach Order on (date):
     (Attach a copy.)

12. ☐ Nonresident defendant has not filed a general appearance.

---

AT-105 [Rev. July 1, 2010]

**APPLICATION FOR RIGHT TO ATTACH ORDER,**
**TEMPORARY PROTECTIVE ORDER, ETC. (Attachment)**

Page 2 of 3



American LegalNet, Inc.
www.FormsWorkFlow.com

AT-105

| SHORT TITLE:<br>SK Networks Co. Ltd. v. BentleyForbes Holdings, LLC | CASE NUMBER:<br>CV12-8997--MMM (SHx) |
| --- | --- |

13. a.   Plaintiff ☐ alleges on ex parte application for order for writ of attachment

☐ is informed and believes on application for temporary protective order

that plaintiff will suffer great or irreparable injury if the order is not issued before the matter can be heard on notice because

(1) ☐   it may be inferred that there is a danger that the property sought to be attached will be

(a) ☐   concealed.

(b) ☐   substantially impaired in value.

(c) ☐   made unavailable to levy by other than concealment or impairment in value.

(2) ☐   defendant has failed to pay the debt underlying the requested attachment and is insolvent as defined in Code of Civil Procedure section 485.010(b)(2).

(3) ☐   a bulk sales notice was recorded and published pursuant to division 6 of the Commercial Code with respect to a bulk transfer by the defendant.

(4) ☐   an escrow has been opened under the provisions of Business and Professions Code section 24074 with respect to the sale by the defendant.

(5) ☐   other circumstances (specify):

b.   The statements in item 13a are established by ☐ the attached affidavit or declaration
☐ the following facts (specify):

14. ☐ Plaintiff requests the following relief by temporary protective order (specify):

15.   Plaintiff

a. ☐   has filed an undertaking in the amount of: $

b. ☒   has not filed an undertaking.

Date: November 5, 2012

Karis A. Chi
_____
(TYPE OR PRINT NAME OF PLAINTIFF OR PLAINTIFF'S ATTORNEY)

▶ _____
(SIGNATURE OF PLAINTIFF OR PLAINTIFF'S ATTORNEY)

## DECLARATION

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF DECLARANT)

16. Number of pages attached: _____

**APPLICATION FOR RIGHT TO ATTACH ORDER,
TEMPORARY PROTECTIVE ORDER, ETC. (Attachment)**

American LegalNet, Inc.
www.FormsWorkFlow.com

## MEMORANDUM OF POINTS AND AUTHORITIES

### I

### INTRODUCTION

This is a straight-forward action to enforce a promissory note. Plaintiff SK Networks Company Limited ("SKN") is the holder of a promissory note issued by defendant BentleyForbes Holdings, LLC ("BF Holdings") that promised payment of $11,653,922.60 by February 29, 2012. To date, no payment has been made by BF Holdings. This unpaid note forms the basis for SKN's application for right to attach order ("RTAO") and writ of attachment ("WOA") against BF Holdings.

### II

### RELEVANT FACTS

On or about December 30, 2011, BF Holdings executed a promissory note (the "Note") containing a promise to pay $11,653,922.60 to SKN on or prior to February 29, 2012. *See* Declaration of Yoo Chan Seo ("Seo Decl."), ¶ 2, Exh. A. The Note was drafted by BF Holdings and transmitted by its counsel. *Id*. The promise to pay is unequivocal, and is not conditioned on the occurrence of any other event. The Note also provides that it shall be "governed by, and construed and enforced in accordance with, the laws of the State of New York." *See id.*, Exh. A, § 5. Moreover, upon SKN's demand, BF Holding is required to pay "all legal and other costs and expenses of every kind and description, including reasonable attorneys' fees and disbursements, relating to the collection and/or enforcement of this Note or of any rights thereunder." *See id.*, § 3. To date, BF Holdings has failed to make any payment on the Note, despite the unequivocal requirements of the Note and SKN's demands for payment. *Id.*, ¶ 3.

On October 18, 2012, SKN filed the instant suit to enforce the Note. SKN's Complaint states a single cause of action for breach of promissory note against BF Holdings.

/ / /

2905203.1

1

PLAINTIFF SK NETWORKS COMPANY LIMITED'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF APPLICATION FOR A RIGHT TO ATTACH ORDER AND WRIT OF ATTACHMENT

# III

# ARGUMENT

**A.    The Requirements For The Issuance Of The Requested RTAO and WOA Have Been Met.**

Federal courts generally apply the attachment law of the state where they sit. *See* Fed. R. Civ. P. 64; *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 436-437 (1974). California Code of Civil Procedure section 484.090(a) authorizes a court to issue a right to attach order where the court finds the following four elements: (1) the claim upon which the attachment is based is one upon which an attachment may be issued; (2) the plaintiff has established the probable validity of the claim upon which the attachment is based; (3) the attachment is not sought for a purpose other than the recovery on the claim upon which the attachment is based; and (4) the amount to be secured by the attachment is greater than zero. All of these requirements have been met in this case.

**1.    A writ of attachment may be issued on SKN's claim against BF Holdings.**

Under California law, this Court may issue a writ of attachment in an action on an unsecured claim for money that is based upon an express contract where the total value of the claim is a fixed amount not less than five hundred dollars, exclusive of costs, interest and attorney's fees. Cal. Code Civ. Proc. § 483.010.

Here, SKN's claim against BF Holdings is based on an express promissory note, which is unsecured, for the fixed and ascertainable amount of $11,653,922.60.

**2.    SKN has established the probable validity of its claim.**

A claim has "probable validity" to support a WOA where "it is more likely than not that the plaintiff will obtain a judgment against the defendant on the claim." Cal. Code Civ. Proc.§ 481.190. SKN easily meet this "more likely than not" test for its sole breach of promissory note cause of action against BF Holdings.

PLAINTIFF SK NETWORKS COMPANY LIMITED'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF APPLICATION FOR A RIGHT TO ATTACH ORDER AND WRIT OF ATTACHMENT

1   The Note provides that it "shall be governed by, and construed and enforced
2   in accordance with, the laws of the State of New York."  Under New York law:

3       To establish prima facie entitlement to judgment as a matter of law
4       with respect to a promissory note, a plaintiff must show the existence of
    a promissory note, executed by the defendant, containing an
5       unequivocal and unconditional obligation to repay, and the failure by
6       the defendant to pay in accordance with the note's terms."

7   *Lugli v. Johnston*, 912 N.Y.S. 2d 108 (2010) (citations omitted).  Extrinsic evidence
8   may not be considered where, as here, "the agreement on its face is reasonably
9   susceptible of only one meaning [and] a court is not free to alter the contract to
10  reflect its personal notions of fairness and equity."  *Greenfield v Philles Records*,
11  750 N.Y.S.2d 565, 569-79 (2002).  *See also Costello v. Casale,* 723 N.Y.S.2d 44, 46
12  (2001) ("When the terms of a written contract are clear and unambiguous, the intent
13  of the parties must be found within the four corners of the contract.").

14      Here, SKN has already established all of the elements to support judgment on
15  a promissory note.  BF Holdings executed the Note, which contains an unequivocal
16  and unconditional obligation to pay the principal amount of $11,653,922.60 to SKN
17  "on or prior to February 29, 2012."  *See* Seo Decl., Exh. A.  BF Holdings has failed
18  to pay any portion of the principal amount, despite SKN's demands for payment.
19  *Id.,* ¶ 3.  These facts are beyond dispute.  It is therefore more likely than not that
20  SKN will ultimately prevail on its claim against BF Holdings.

21      **3.   SKN has met the other requirements for issuance of a RTAO and**
22      **WOA.**

23      SKN filed this action and seeks attachment relief in order to recover the
24  amounts due under the Note; SKN is not seeking an attachment for any other
25  purpose.  Seo Decl., ¶ 4.  SKN seeks an attachment in an amount greater than zero,
26  equal to the unpaid balance of the Note, or $11,653,922.60.

27      Moreover, pursuant to Cal. Code Civ. Proc. section 484.020(d), SKN has no
28  information or belief that its claim is discharged or that the prosecution of the action

2905203.1
3

1  is stayed in a proceeding under Title 11 of the United States Code (Bankruptcy).

2  Seo Decl., ¶ 4.

3  **B.    SKN Has Properly Identified The Property Sought To Be Attached.**

4          Pursuant to Cal. Code Civ. Proc. section 484.020(e), SKN seeks to attach "all

5  corporate property which is subject to attachment pursuant to subdivision (a) of

6  Code of Civil Procedure Section 487.010" belonging to BF Holdings.  Because BF

7  Holdings is a corporate entity and not an individual, SKN is not required to further

8  identify the specific property sought.

9  **C.    SKN Will File The Required Undertaking.**

10         SKN is also prepared to file an undertaking in the amount of $10,000.00 in

11 accordance with Cal. Code Civ. Proc. section 489.220(a) upon this Court's grant of

12 this application.

13                                    **IV**

14                              **CONCLUSION**

15         For the foregoing reasons, plaintiff SK Networks Company Limited

16 respectfully urges the Court to grant its application for right to attach order and

17 issuance of a writ of attachment in the amount of $11,653,922.60 to preserve its

18 right to recovery on its claims against defendant BentleyForbes Holdings, LLC.  The

19 Court should issue such attachment against all property within California held by

20 BentleyForbes Holdings, LLC for which there is a statutory method of levy.

21

22 DATED:  November 5, 2012          BIRD, MARELLA, BOXER, WOLPERT,
                                     NESSIM, DROOKS & LINCENBERG, P.C.
23

24

25                                 By:  _____
                                              /s/ *Karis A. Chi*
26                                         Karis A. Chi
                                       Attorneys for SK Networks Company
27                                     Limited

28

2905203.1                                    4