1  Larry R. Schmadeka (SBN 160400)
   *lschmadeka@lhlaw.com*
2  Terry S. Park (SBN 228284)
   *tpark@lhlaw.com*
3  Nilam J. Patel (SBN 232195)
   *npatel@lhlaw.com*
4  **LEE, HONG, DEGERMAN, KANG & WAIMEY**
   660 South Figueroa Street, Suite 2300
5  Los Angeles, California 90017
   Telephone: (213) 623-2221
6  Facsimile: (213) 623-2211

7  Attorneys for Defendant/ Counter-Claimant
8  BentleyForbes Holdings, LLC

9              **UNITED STATES DISTRICT COURT**

10            **CENTRAL DISTRICT OF CALIFORNIA**

11

12

13  SK NETWORKS COMPANY              Case No. CV12-8997-MMM (SHx)
    LIMITED, a South Korean corporation,
14                                   **Assigned to: Hon. Margaret M.**
                                     **Morrow**
             Plaintiff,
15                                   **PROTECTIVE ORDER**
    vs.
16
    BENTLEYFORBES HOLDINGS, LLC,
17  a Delaware limited liability company,

18           Defendant.

19  _____

20  BENTLEYFORBES HOLDINGS, LLC,
    a Delaware limited liability company,
21
             Counter-Claimant,
22  vs.

23  SK NETWORKS COMPANY
    LIMITED, a South Korean corporation;
24  and ROES 1 through 20, inclusive,

25           Counter-Defendants.

26  _____

27

28

                                5

EXHIBIT 1 TO STIPULATION FOR PROTECTIVE ORDER

THIS MATTER having come before the Court pursuant to the Stipulation of the Parties, and the Court being fully advised therein, it is hereby ORDERED as follows:

## I.   <u>DEFINITIONS</u>

1.   As used in this Protective Order,

a.   "Designating Party" means any Person who designates Material as Confidential Material.

b.   "Discovering Counsel" means any counsel of record for a Discovering Party, including members of their firms, associate attorneys, and paralegal, clerical and other regular employees of such attorney assisting in the conduct of this action.

c.   "Discovering Party" means the Party to whom Material is being Provided by a Producing Party.

d.   "Confidential Material" means any material designated as CONFIDENTIAL or where appropriate, ATTORNEYS' EYES ONLY, in accordance with the terms of this Protective Order.

e.   "Material" means any document, records, testimony, tangible materials, responses to discovery and other information in any form or medium whatsoever, including, without limitation, any written or printed matter, Provided in this action by a Party before or after the date of this Protective Order.

f.   "Party" or "Parties" means the Plaintiff, SK Networks Company Limited, and Defendant BentleyForbes Holdings, LLC, their attorneys of record and their agents.

g.   "Person" means any individual, corporation, partnership, unincorporated association, governmental agency, or other business or governmental entity whether a Party or not.

h.   "Producing Party" means any Person who Provides Material during the course of this action.

EXHIBIT 1 TO STIPULATION FOR PROTECTIVE ORDER

i.      "Provide" (or "Provided" or "Provides") means to produce, serve or disclose any Material, whether voluntarily or involuntarily, whether pursuant to request or process.

## II.    <u>CONFIDENTIAL DESIGNATION</u>

2.      A Producing Party shall designate Material "CONFIDENTIAL" to the extent that it reasonably believes in good faith that such Material constitutes or contains information that is non-public and contains commercially or personally sensitive, confidentialor proprietary information.   A Producing Party shall only designate Material as "ATTORNEYS' EYES ONLY" to the extent that it reasonably believes such that such Material constitutes or contains:  (a) methods, procedures, and processes relating to the services, design, manufacture, production, pricing, and/or distribution of products or services; (b) marketing plans, analyses and methods or customer information; (c) business plans and analyses, new business development and financial and operations information; (d) trade secrets or confidential business information that, if disclosed to a competitor, could be misappropriated for its economic value or utilized to obtain unfair competitive advantage; and/or (f) personnel, employee, or personal information for which the referenced person has a right of privacy.   By designating Material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" under the terms of this Protective Order, the Party making the designation is certifying to the court that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(c).

3.      A Producing Party may designate Confidential Material for protection under this order by marking each page of the writing or document with the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY".  With respect to electronic information produced in native format, a party shall designate information by marking the disc or drive upon which such information is provided as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY".

EXHIBIT 1 TO STIPULATION FOR PROTECTIVE ORDER

4.      The Parties may also designate previously Provided Material which was not designated as Confidential Material prior to its having been Provided as Confidential Material by identifying such Material with specificity in writing to the Discovering Party.   For purposes of this method of designation, it will be a sufficiently specific identification to refer to the bates numbers or deposition page numbers of previously Provided Material. Where a Producing Party designates previously Provided Material as Confidential Material pursuant to this subparagraph, the Producing Party will follow the procedures set forth in the previous subparagraph for designating Confidential Material, and Provide to the Discovering Party additional copies of the previously Provided Material marked with the inscription described in the previous subparagraph. Upon receipt of the additional copies which comply with the procedures set forth in the previous subparagraph, the Discovering Party will immediately return to the Producing Party the previously Provided Material, or alternatively, will destroy all the previously Provided Material, at the option of the Producing Party. For previously Provided Material which was not designated as Confidential Material at the time of its being Provided, this Protective Order shall apply to such materials beginning on the date that the Producing Party makes such designation.   A Party's inadvertent or unintentional disclosure of any of its own Confidential Material shall not be construed to be a waiver, in whole or in part, of the Party's claim of confidentiality, either as to the specific Confidential Material disclosed or as to other related information.

5.      All costs associated with the designations of Material as "Confidential" or "Attorneys' Eyes Only" involving, for example, the cost of binding confidential portions of deposition transcripts, shall be initially borne by the Party making the designation with no prejudice regarding the Designating Party's ability to recover its costs upon completion of the litigation.

6.      The designation of documents as "Confidential" or "Attorneys' Eyes Only" does not entitle the parties to have those documents filed under seal.   An

EXHIBIT 1 TO STIPULATION FOR PROTECTIVE ORDER

application, including any stipulated application, to file documents under seal must comply with Local Rule 79-5.

### III.   RESTRICTION ON USE OF CONFIDENTIAL MATERIAL

7.    Confidential Material designated as CONFIDENTIAL shall not be disclosed, nor shall its contents be disclosed, to any person other than those described in Paragraph 10 of this Protective Order and other than in accordance with the terms, conditions and restrictions of this Protective Order.  Confidential Material designated as ATTORNEYS' EYES ONLY shall not be disclosed, nor shall its contents be disclosed to any person other than those described in Paragraph 11 of this Protective Order.

8.    Confidential Material Provided by a Producing Party to a Discovering Party shall not be used by the Discovering Party or anyone other than the Producing Party, specifically including the persons identified in Paragraphs 10 or 11 as appropriate, for any purpose, including, without limitation any personal, business, governmental, commercial, publicity, public-relations, or litigation (administrative or judicial) purpose, other than the prosecution or defense of this action.

9.    All Confidential Material shall be kept secure by Discovering Counsel and access to Confidential Material shall be limited to persons authorized pursuant to Paragraphs 10 and/or 11 of this Protective Order.

10.    For purposes of the preparation of this action, and subject to the terms, conditions, and restrictions of this Protective Order, Discovering Counsel may disclose Material designated as CONFIDENTIAL and the contents of Material designated as CONFIDENTIAL only to the following persons:

a.    Counsel of record working on this action on behalf of any Party and counsel's employees who are directly participating in this action, including counsel's partners, associates, paralegals, assistants, secretaries, and clerical staff;

b.    In-house or outside corporate counsel to a Party;

EXHIBIT 1 TO STIPULATION FOR PROTECTIVE ORDER

c.      The Court, court personnel, court reporters, jurors and any mediators approved by the Parties whose duties require access to the Confidential Material;;

d.      Any person retained to provide translations of designated Confidential Material, in accordance with procedures set forth in Paragraphs 14-16; ;

e.      Witnesses at depositions, pre-trial or trial proceedings, in accordance with procedures set forth in Paragraphs 14-16;

f.      Experts and consultants assisting counsel with respect to this action and their secretarial, technical and clerical employees who are actively assisting in the preparation of this action, in accordance with the procedures set forth in Paragraphs 14-16;

g.      The Parties, including officers, directors and employees thereof that have a need to review Material designated as CONFIDENTIAL to assist in connection with this litigation, subject to the limitations set forth herein, in accordance with the procedures set forth in Paragraphs 14-16;

h.      Vendors, including photocopy service personnel who photocopied or assisted in the photocopying or delivering of documents in this litigation, expressly retained by counsel of record for a Party to assist in preparation of this litigation;

i.      Any Person identified on the face of any such Material designated as CONFIDENTIAL as an author or recipient thereof;

j.      Any Person who is determined to have been an author and/or previous recipient of the Material designated as CONFIDENTIAL, but is not identified on the face thereof, provided there is prior testimony of actual authorship or receipt of the Material designated as CONFIDENTIAL by such Person; and

k.      Any Person who the Parties agree in writing may receive Material designated as CONFIDENTIAL.

The parties shall make a good faith effort to limit dissemination of Material designated as CONFIDENTIAL within these categories to Persons who have a

EXHIBIT 1 TO STIPULATION FOR PROTECTIVE ORDER

reasonable need for access thereto solely for purposes of prosecuting or defending this litigation.

11.     For purposes of the preparation of this action, and subject to the terms, conditions, and restrictions of this Protective Order, the Discovering Counsel may disclose Material designated as ATTORNEYS' EYES ONLY, and the contents of Material so designated, only to the following persons:

a.     Counsel of record for the Parties to this action and counsel's employees who are directly participating in this action, including counsel's partners, associates, paralegals, assistants, secretarial, and clerical staff;

b.     In-house or outside corporate counsel to a Party who are not responsible for competitive decision-making;

c.     The Court, court personnel, court reporters, jurors and any mediators approved by the Parties whose duties require access to the ATTORNEYS' EYES ONLY Material;

d.     Any person retained to provide translations of designated Confidential Material, in accordance with procedures set forth in Paragraphs 14-16;

e.     Witnesses at depositions, pre-trial or trial proceedings, in accordance with procedures set forth in Paragraphs 14-16

f.     Non-party experts and consultants assisting counsel with respect to this action and their secretarial, technical and clerical employees who are actively assisting in the preparation of this action, in accordance with the procedures set forth in paragraphs 14-16;

g.     Any Person identified on the face of any such Material designated as ATTORNEYS' EYES ONLY as an author or recipient thereof;

h.     Any Person who is determined to have been an author and/or a previous recipient of the Material designated as ATTORNEYS' EYES ONLY, but is not identified on the face thereof, provided there is prior testimony of actual

authorship or receipt of the Material designated as ATTORNEYS' EYES ONLY by such Person; and

    i. Any Person who the Parties agree in writing may receive Material designated as ATTORNEYS' EYES ONLY.

## IV. <u>UNDERTAKING TO BE BOUND BY PROTECTIVE ORDER</u>

 12. Before Discovering Counsel may disclose Confidential Material to any Person described in subparagraphs 10(e), 10(f), 10(g), 11(e) or 11(f) above, the Person to whom disclosure is to be made shall receive a copy of this Protective Order, shall read all Paragraphs contained in this Protective Order (including the subparagraphs where applicable), shall evidence his or her agreement to be bound by the terms, conditions, and restrictions of the Protective Order by signing an undertaking in the form attached hereto as **Exhibit A** (the "Undertaking"), and shall retain the copy of this Protective Order, with a copy of his or her signed Undertaking attached. Discovering Counsel shall keep a copy of the signed Undertaking for each person described in subparagraphs 10(e), 10(f), 10(g), 11(e) or 11(f) to whom Discovering Counsel discloses Confidential Material.

 13. The individuals designated in subparagraphs 11(a) and 11(b) above, are specifically prohibited from publishing, releasing, or otherwise disclosing Material designated as ATTORNEYS' EYES ONLY, or the contents thereof, to any other directors, officers, or employees of the company for which the individual is employed, or to any other persons not authorized under this Protective Order to receive such information. The designated individuals in subparagraphs 11(a) and 11(b) shall retain all ATTORNEYS' EYES ONLY material in a secure manner under separate and confidential file, so as to avoid inadvertent access by, or disclosure to, unauthorized persons.

## V. <u>DEPOSITIONS</u>

 14. Those portions of depositions taken by any Party at which any Material designated as CONFIDENTIAL is used or inquired into, may not be conducted in the

12

EXHIBIT 1 TO STIPULATION FOR PROTECTIVE ORDER

presence of any Person(s) other than (a) the deposition witness, (b) his or her counsel, and (c) Persons authorized under Paragraph 10 of this Protective Order to view such Confidential Material. During those portions of depositions in which Material designated ATTORNEYS' EYES ONLY is used or inquired into, only those persons authorized under Paragraph 11 to view such Materials may be present.

15. Any designation of deposition testimony or exhibits as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall be made on the record at the time such testimony is given or in writing within thirty (30) days after the parties' and/or deponent's receipt of a transcript of such proceedings, whichever is later. Any and all deposition transcripts shall be treated as "ATTORNEYS' EYES ONLY" until this time period expires.

16. When Material disclosed during a deposition is designated Confidential Material at the time testimony is given, the reporter shall separately transcribe those portions of the testimony so designated, shall mark the face of the transcript in accordance with Paragraph 3 above, and shall maintain that portion of the transcript or exhibits in separate files marked to designate the confidentiality of their contents. The reporter shall not file or lodge with the Court any Confidential Material without obtaining written consent from the Party who designated the Material as Confidential Material. For convenience, if a deposition transcript or exhibit contains repeated references to Confidential Material which cannot conveniently be segregated from non-confidential material, any Party may request that the entire transcript or exhibit be maintained by the reporter as Confidential Material.

## VI. USE OF CONFIDENTIAL MATERIAL IN PLEADINGS AND OTHER COURT PAPERS

17. Any document (including the motion papers themselves) submitted to the Court that reveals any Confidential Material shall be filed under seal, pursuant to Local Rule 79.5 labeled as follows: "This Document Is Subject to a Protective Order Issued by the Court and May Not Be Examined or Copied Except in Compliance with

13

EXHIBIT 1 TO STIPULATION FOR PROTECTIVE ORDER

that Order." Documents so labeled shall be kept by the Clerk under seal and shall be made available only to the Court or persons authorized by the terms of this Order to have access thereto. Any documents the Court orders submitted under seal shall be filed and handled in the same manner as Confidential Material filed in connection with discovery motions or proceedings.

## VII.        OBJECTIONS TO DESIGNATION

18.    Any discovery disputes concerning the designation of materials or disclosure of documents or information under this Protective Order shall be brought in compliance with Local Rule 37. Without limiting the generality of the foregoing, any Party may at any time notify the Designating Party in writing, of its contention that specifically-identified Material designated as Confidential Material is not properly so designated because such Material does not warrant protection under applicable law. In the event the Parties are unable to resolve the dispute, the Party challenging the designation may file a motion with the Court challenging the designation of the Material in question and articulating in detail why such Party believes that the Material is not properly designated; provided, however, that the ultimate burden of demonstrating, by a preponderance of the evidence, the propriety of the designation shall remain with the Designating Party. Pending resolution of any motion filed pursuant to this Paragraph, all Persons bound by this Protective Order shall continue to treat as Confidential Material the Material which is the subject of the motion.

## VIII.       RETURN OF MATERIAL

19.    Within ninety (90) calendar days after the final settlement or termination of this action, Discovering Counsel shall return or destroy (at the option and expense of Discovering Counsel) all Materials provided by a Producing Party and all copies thereof except to the extent that any of the foregoing includes or reflects Discovering Counsel's work product, and except to the extent that such Material has been filed with a court in which proceedings related to this action are being conducted. In

14

EXHIBIT 1 TO STIPULATION FOR PROTECTIVE ORDER

addition, with respect to any such retained work product and unless otherwise agreed to, at the conclusion of this action, counsel for each Party shall store in a secure area all work product which embodies Confidential Material together with all of the signed undertakings they are required to preserve pursuant to Paragraph 12 above, and shall not make use of such Material except in connection with any action arising directly out of these actions, or pursuant to a court order for good cause shown. The obligation of this Protective Order shall survive the termination of this action. To the extent that Confidential Materials are or become known to the public through no fault of the Discovering Party, such Confidential Materials shall no longer be subject to the terms of this Protective Order. Upon request, counsel for each Party shall verify in writing that they have complied with the provisions of this paragraph.

## IX.   SCOPE OF THIS ORDER

20.   Except for the provisions regarding post-trial or post-settlement return and destruction of Material, or segregation of work product which embodies Confidential Material, this order is strictly a pretrial order; it does not govern the trial in this action.

21.   No later than twenty-one (21) days before trial in the action, Counsel agree to meet and confer concerning the use at trial of Confidential Material.

22.   Nothing in this Protective Order shall be deemed to limit, prejudice, or waive any right of any Party or Person (a) to resist or compel discovery with respect to, or to seek to obtain additional or different protection for, Material claimed to be protected work product or privileged under California or federal law, Material as to which the Producing Party claims a legal obligation not to disclose, or Material not required to be provided pursuant to California law; (b) to seek to modify or obtain relief from any aspect of this Protective Order; (c) to object to the use, relevance, or admissibility at trial or otherwise of any Material, whether or not designated in whole or in part as Confidential Material governed by this Protective Order; or (d) otherwise to require that discovery be conducted according to governing laws and rules.

15

EXHIBIT 1 TO STIPULATION FOR PROTECTIVE ORDER

23.    The Parties agree that the inadvertent production of information subject to the attorney-client privilege and/or work product doctrine (the "Privileged Information") shall not constitute a waiver of such privilege and/or protection. Promptly upon discovering that any Privileged Information has been produced, the Producing Party shall notify the Discovering Party in writing and designate inadvertently produced documents on a privilege log.  Upon receipt of such notice, the Discovering Party shall not review such documents further (except for the purposes of identifying them for their return to the Producing Party and/or destruction) and shall either return all copies of the same to the Producing Party or destroy them.  Nothing contained herein is intended to, and/or does, constitute a waiver of any Party's right to challenge any designation of Privileged Information and/or move to compel the production of such documents.

24.    Designation of Material as Confidential Material on the face of such Material shall have no effect on the authenticity or admissibility of such Material at trial.

25.    This Protective Order shall not preclude any Person from waiving the applicability of this Protective Order with respect to any Confidential Material Provided by that Person or using any Confidential Material Provided by that Person or using any Confidential Material owned by that Person in any manner that Person deems appropriate.

26.    This Protective Order shall not affect any contractual, statutory or other legal obligation or the rights of any Party or Person with respect to Confidential Material designated by that Party.

27.    The restrictions set out in the Protective Order shall not apply to any Material which:

a.    At the time it is Provided is available to the public;

b.    After it is Provided, becomes available to the public through no act, or failure to act, of the Discovering Party; or

16

EXHIBIT 1 TO STIPULATION FOR PROTECTIVE ORDER

c.    The Discovering Party can show was already known to the Discovering Party independently of receipt of the Confidential Material in this or prior litigation; or was received by the Discovering Party, after the time it was designated as Confidential Material hereunder, from a third party having the right to make such disclosure.

28.    If at any time any Material protected by this Protective Order is subpoenaed from the Discovering Party by any Court, administrative or legislative body, or is requested by any other Person or entity purporting to have authority to require the production of such material, the Party to whom the subpoena or other request is directed shall immediately give written notice thereof to the Producing Party with respect to Confidential Material sought and shall afford the Producing Party reasonable opportunity to pursue formal objections to such disclosures. If the Producing Party does not prevail on its objections to such disclosure, the Discovering Party may produce the Confidential Material without violating this Protective Order.

IT IS SO ORDERED.

DATED:    May 20, 2013          By:    _____

STEPHEN J. HILLMAN

UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

**UNDERTAKING TO BE BOUND BY THE PRETRIAL PROTECTIVE**

**ORDER REGARDING CONFIDENTIALITY OF DOCUMENTS**

I, _____ [print or type full name], of _____

[print or type full address], declare under penalty of perjury that I have read in its

entirety and understand the Protective Order that was issued by the United States

District Court for the Central District of California in the case of *SK Networks*

*Company Limited v. BentleyForbes Holdings, LLC*, Case No. CV12-8997-MMM

(SHx). I agree to comply with and to be bound by all the terms of this Protective

Order and I understand and acknowledge that failure to so comply could expose me to

sanctions and punishment in the nature of contempt. I solemnly promise that I will

not disclose in any manner any information or item that is subject to this Protective

Order to any person or entity except in strict compliance with the provisions of this

Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.


Date: _____, 2013


City and State where sworn and signed: _____


Signed: _____       _____

              [Print Name]                    [Signature]

18

EXHIBIT 1 TO STIPULATION FOR PROTECTIVE ORDER
